UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLIFFORD ETIENNE, JR.                                         CIVIL ACTION

VERSUS

BURL CAIN, ET AL                                              NO. 15-543-SDD-RLB

ORDER

This matter comes before the Court on the plaintiff's Motion to Stay Defendant's First Motion for Summary Judgment (R. Doc. 28) requesting a stay the defendants' Motion for Summary Judgment (R. Doc. 21) until he has had "ample and reasonable time" to obtain "documents, affidavits, declarations, disciplinary report, medical files" and "any non privileged matter that is relevant to any party's claim or defense." The plaintiff asserts that these unspecified documents will be "a huge plus" in proving his case. The plaintiff also asserts that he has only recently received a copy of the Complaint (R. Doc. 1) filed by his former attorney, and the defendants' Motion for Summary Judgment (R. Doc. 21), due to the withdrawal of his counsel on February 22, 2016. *See* R. Docs. 11 and 23.

The plaintiff has failed to make the requisite showing in support of his Motion. A nonmovant requesting Rule 56(d) relief "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir.2013) (*quoting SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir.1980)). A party seeking a Rule 56(d) deferral must (1) have diligently pursued the discovery, and (2) "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Agee v. City*

*of McKinney, Tex.*, 593 F. App'x 311, 313 (*citing Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir.1992) and *quoting Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir.2010)) (internal quotation marks omitted).

The plaintiff's Motion is entirely speculative and conclusory. Furthermore, the defendants' Motion for Summary Judgment (R. Doc. 21) does not attack the merits of the plaintiff's claims, rather the Motion focuses on legal questions concerning 11th Amendment immunity, exhaustion of administrative remedies, and the plaintiff's entitlement to punitive damages. As such, additional discovery regarding the underlying facts of the plaintiff's claims is unnecessary. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion (R. Doc. 28) be and is hereby **DENIED**.

Plaintiff is granted an extension of 21 days from the date of this Order to file an opposition to the defendants' pending Motion for Summary Judgment (R. Doc. 21), if he so chooses.

Signed in Baton Rouge, Louisiana, on April 1, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**