UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLIFFORD ETIENNE, JR. (#130104)**                                         **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                                             **NO. 15-543-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 29, 2016.

                                                                    _____
                                                                    RICHARD L. BOURGEOIS, JR.
                                                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLIFFORD ETIENNE, JR. (#130104)**                                        **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                                              **NO. 15-543-SDD-RLB**

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment filed on behalf of defendants Burl Cain, James M. LeBlanc and the Louisiana Department of Public Safety and Corrections (R. Doc. 21). The Motion is opposed. *See* R. Doc. 33.

The *pro se* plaintiff, an inmate formerly incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Warden Burl Cain, Secretary James LeBlanc, the Louisiana Department of Public Safety and Corrections ("LDPSC"), inmate Don Smiley, and inmate Henry Davis complaining that his constitutional rights were violated when he was attacked by inmates Smiley and Davis because defendants Cain, LeBlanc, and LDPSC failed to protect him from the attack, and subsequently were deliberately indifferent to his serious medical needs and failed to provide the plaintiff with due process in the disciplinary proceeding following the attack.[1]

---

[1] A review of the record reveals that defendant Henry Davis has not been served because there are multiple individuals with that name incarcerated at LSP and plaintiff has not been able to serve the proper individual. See R. Doc. 16. Pursuant to requirements of Rule 4(m) of the Federal Rules of Civil Procedure at the time of the filing of the Complaint, the failure to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a pro se plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge. Since being informed of the lack of service, the plaintiff has failed to take action to direct service on this defendant. It is appropriate, therefore, that the plaintiff's claims asserted against Henry Davis be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon him.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's pertinent Requests for Administrative Remedy, a certified copy of the plaintiff's Enemy Lists, and the affidavit of Lilly Roblin.  The plaintiff opposes the defendants' Motion relying upon the pleadings, a Statement of Disputed Factual Issues, his own Declaration, copies of two documents titled "Classification Review Board," a copy of correspondence dated October 30, 2014, copies of three Inmate Funds Withdrawal Request forms dated November 7, 2014, November 10, 2014, and March 27, 2015, copies of two documents each labeled "ARP" and dated November 6, 2014, copies of two documents each labeled "ARP" and both dated November 7, 2014,   a copy of a document labeled ARP dated November 9, 2014, a copy of correspondence dated March 15, 2015, a copy of a document which appears to be a brief summary of the plaintiff's grievances filed at LSP, a copy of document titled "Input Screen" bearing case number "LSP-2014-3452," a copy of correspondence dated March 26, 2015, and a copy of correspondence dated May 28, 2015.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is

entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, the plaintiff alleges that on August 16, 2014 inmates Smiley and Davis exited the Hobby Shop without being searched and with one-half of a sharpened scissor in their possession. Inmates Smiley and Davis proceeded to the Special Projects Room where the plaintiff was located, and inmate Smiley allegedly stabbed the plaintiff in excess of 25 times while inmate Davis violently kicked the plaintiff as he lay on his back. The plaintiff further alleges that he received treatment for his injuries, and thereafter, on August 19, 2014, was brought before a disciplinary board and found guilty of simple fighting. The next day he was allegedly released from treatment despite being in need of additional medical care, and was transferred to David Wade Correctional where he was placed in punitive lockdown where he

remained for eight months. The plaintiff further alleges that he was transferred without his personal property and the transfer thwarted his attempts to appeal the disciplinary action.

In response to the plaintiff's allegations, the defendants contend, *inter alia*, that the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[2] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

A review of the certified copy of the plaintiff's pertinent Requests for Administrative Remedy shows that the plaintiff submitted three ARPs following the complained of incidents allegedly occurring in August of 2014. The plaintiff's first ARP ("2014-3089") is dated

---

[2] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

September 26, 2014.  The plaintiff complained therein of verbal harassment by Assistant Warden Kevin Benjamin and alleged that Benjamin told the plaintiff that "Mike Tyson knocked you the f*** out" and then showed a video of the same to other persons who were present.  The plaintiff requested that Benjamin be fined, forced to pay restitution to the plaintiff, fired and prosecuted.  *See* R. Doc. 21-3; pg. 5.

The plaintiff again complained in his second ARP ("2014-3091"), also dated September 26, 2014, of verbal harassment by Assistant Warden Benjamin.  The plaintiff alleged that Benjamin implied through his statements that the plaintiff was homosexual.  The plaintiff requested that Benjamin be fined, suspended, and fired for unprofessionalism.  *See* R. Doc. 21-4, p. 6.

The plaintiff's third ARP ("2014-3092") is also dated September 26, 2014.  Therein the plaintiff again complained of harassment on the part of Assistant Warden Benjamin, and alleged that Benjamin instructed Col. Eli Wilson to find him guilty following the aforementioned disciplinary hearing on August 20, 2014.  The plaintiff requested that Benjamin be fined, fired and imprisoned.  *See* R. Doc. 21-5, p. 5-6.  The plaintiff's third ARP was rejected on October 29, 2014 for pertaining to disciplinary matters which can only be appealed through LSP's disciplinary appeal process.  *See* R. Doc. 21-5, p. 4.

The plaintiff's first two ARPs ("2014-3089" and "2014-3091") do not pertain to the events of August 2014 complained of in the plaintiff's Complaint.  The plaintiff's third ARP ("2014-3092") pertains to the disciplinary proceeding complained of in the plaintiff's Complaint but does not complain of any action or inaction on the part of defendants Cain, LeBlanc, or LDPSC.  In any case, the plaintiff's third ARP was properly rejected and the plaintiff did not pursue a disciplinary appeal.  *See* Affidavit of Lilly Robin (R. Doc. 21-7).

The plaintiff contends in his Opposition (R. Doc. 33) that he exercised due diligence in attempting to exhaust his administrative remedies by writing grievances and mailing them to LSP. The plaintiff has attached copies of documents labeled "ARP" which he purportedly mailed to LSP. *See* R. Doc. 33-3, p. 7-9 and 12-18. These ARPs are not found in the certified copy of the plaintiff's pertinent Requests for Administrative Remedy submitted by the defendants. The plaintiff argues that LSP officials purposefully denied acknowledgment of receipt of these ARPs; therefore, he exhausted his claims when he did not receive responses to his grievances.

The plaintiff's argument is not persuasive. Even if the plaintiff did in fact submit administrative grievances relative to his claims prior to the commencement of this lawsuit, and even if prison officials failed to respond thereto, this does not excuse the plaintiff's failure to exhaust administrative remedies. The prison administrative process explicitly allows an inmate to unilaterally proceed from the first to the second step of the administrative process upon the passage of the time allowed for prison officials to respond, *see* Louisiana Administrative Code, Title 22, Part I, Section 325(J)(1)(c). The plaintiff, however, did not do so in the instant case. The plaintiff does not allege that when he failed to receive a timely response to his grievances that he informed officials at the second step departmental level that he was exercising his right to unilaterally proceed to the second step. Instead, he simply filed his Complaint in federal court several months later.

The plaintiff cannot rely upon an alleged failure of prison officials to timely address his grievances and argue that, as a result of such failure, he should be deemed to have exhausted administrative remedies. To the contrary, considering that an inmate may himself take action to ensure completion of his grievance, "[t]he failure of prison officials to respond to a grievance

does not constitute a valid excuse for failure to exhaust administrative remedies." *Johnson v. Cheney,* 2008 WL 534606 (N.D. Tex. Feb.8, 2008). *See also Curry v. Alexandre,* 2006 WL 2547062 (W.D. La., June 19, 2006) ("a plaintiff cannot be excused from the PLRA's mandatory exhaustion requirements based on allegations that his grievance(s) was ignored."). Accordingly, for these reasons, the plaintiff's argument must be rejected.

As such, the record contains no properly exhausted ARP filed by the plaintiff, pertaining to the underlying claims in the instant matter. Accordingly, defendants Cain, LeBlanc, and LDPSC are entitled to summary judgment due to the failure of the plaintiff to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e.

Finally, regarding the plaintiff's allegations seeking to invoke the supplemental jurisdiction of this court over the plaintiff's state law claims specifically stated against defendants Smiley and Davis, and any other state law claims the plaintiff may be asserting against defendants Cain, LeBlanc, and LDPSC, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction over the plaintiff's state law claims specifically stated against defendants Smiley and Davis, and any other state law claims the plaintiff may be asserting against defendants Cain, LeBlanc, and LDPSC, be declined.

**RECOMMENDATION**

It is recommended that plaintiff's claims against defendant Henry Davis be dismissed, without prejudice, for failure of the plaintiff to serve this defendant within 120 days as mandated by Federal Rule of Civil Procedure 4(m) at the time of the filing of the plaintiff's Complaint. It is further recommended that the defendants' Motion for Summary Judgment (R. Doc. 21) be granted, dismissing the plaintiff's claims asserted against defendants Cain, LeBlanc, and LDPSC for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, that the exercise of supplemental jurisdiction be declined as to the plaintiff's state law claims, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on April 29, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**